## SUPREME COURT.

JUDD, Assignee &c. agt. YOUNG.

A person not a party, but having an interest, can not be made a party to an action, under § 122 of the Code, where the action is on contract, express or implied for the recovery of money. That section must be confined to actions for the recovery of " real or personal property," that is, for *specific* personal property.

*Tompkins. Special Term, August* 1852. This is a motion, in behalf of Messrs. Kidder & Burrett, to be made parties defendants in the above action, under § 122 of the Code, on the ground that they, as subsequent mortgagees and judgment creditors, have a lien on the surplus moneys in the hands of the defendant; and which surplus arose on the sale of certain premises, by virtue of an older mortgage owned by the defendant. The plaintiff claims said money by virtue of an assignment from the mortgagor for the benefit of creditors. The plaintiff resists the application on the ground, amongst others, that the clause under which the applicants claim to be made defendants, does not include a case like this, where the action is to recover a sum of money on an implied assumpsit, or contract.

JOHN M. BRADFORD, *for the Motion*

C. G. JUDD, *Opposed.*

SHANKLAND, Justice.—The words of the Code are, " And when in an action for the *recovery of real or personal property,* a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a

party, it may order him to be brought in, by the proper amendment." The question is, whether the statute extends to actions on express and implied contracts for the recovery of money? I have come to the conclusion that it does not, but must be confined to actions for the recovery of specific real and personal property. I am led to this conclusion by comparing the clause above cited with the subsequent clauses in the same section, where the defendant is authorized to make a motion to substitute other persons as defendants in his stead. There the word *contract* is used in addition to the term *real* or *personal property*. The word *debt* is also used; thus evincing a design to allow of *substitution* of defendants in a class of actions wherein *additional* defendants can not be made.

The following sections of the Code confirm this definition of the meaning of the clause, under consideration, as being limited to actions for the recovery of specific personal property, and as not extending to actions on contract for the recovery of money, viz: § 123 subdivision 4; § 167 sub. 6; § 179 sub. 3, 5; § 206.

I have not deemed it proper to examine any of the other objections to the motion, but deny it on this ground solely, with ten dollars costs to be collected from the moving parties.